Court of Appeal, Parish of Orleans.

# ABRAHAM LEVITAN VS. NEW ORLEANS RAILWAYS & LIGHT COMPANY.

Questions of fact alone are involved herein.

Appeal from Civil District Court, Division D.

D. Sessler & H. Michel, for Plaintiff and Appellee.

Dart & Kernan, for Defendant & Appellant.

ESTOPINAL, J.   This is an action to recover damages for personal injuries, loss of time and business.

From a judgment in favor of plaintiff for three hundred dollars ($300.00), defendant presents this appeal.   Plaintiff has answered the appeal, asking that the judgment appealed from be increased to one thousand seven hundred and eighty-four dollars and sixty cents ($1,784.60), the total amount sued for.

Questions of fact alone are involved in the case, and from our reading of the testimony, it would appear that the questions of fact decided by our esteemed brother of the District Court, adversely to defendants, was determined by him on the credibility of the witnesses.

The testimony is not voluminous, but is nevertheless of such a character as to make its reading anything but an interesting task.

It would be difficult, indeed, to reconcile the wide conflict by a simple reading of the evidence.   In such a case we will have no hesitancy in accepting as correct the finding of the trial Judge.

Counsel for the defendant in his usual able and earnest way, urged at the bar in his oral argument that the only way in which the accident can be accounted for, taking into consideration the parts of the car and of the wagon injured by the impact between them, was in the manner related by defendant's witnesses, which was to this effect, to-wit:

That plaintiff was driving on the uptown track, and was in

the act of pulling out of that track into the track over which the car was proceeding when the collision occurred, in other words, that plaintiff was leaving a clear track·from which the car must approach him in front, and was pulling over to the next, on which, as the evidence fully establishes, was a car approaching from the rear of his wagon, ringing the gong as a warning of its approach.

To say the least, this is improbable, and does not seem to have impressed the·judge a qua.

We do not agree with counsel that this story of the accident is proved by the injured portion of the car and of the wagon. Of course, the injury to the car and wagon could have been caused by just such a move as defendant claims the plaintiff made with his wagon, that is, drive from the uptown track into the downtown track, causing a collision which injured or smashed the gate on the left side of the car, and caused some damage to the right rear wheel of the wagon.

As we appreciate the situation, however, the same damage to the car and wagon could result from a collision as described by the plaintiff whose version was evidently accepted and adopted as the truthful one by the lower court.

Plaintiff claims that he was driving in the downtown track, and that the car came up behind him and struck the right rear wheel of his wagon, injuring it, etc., etc.

Plaintiff claims he was in the act of moving out into the uptown track. Evidently he had all but cleared the track when the car came on, its left side coming in contact with the right rear wheel of the wagon before it had ·gotten clear of the track.

For this reason we cannot subscribe to the theory urged by counsel that the only way by which the damage to the car and wagon could be done was for the accident to occur as described by witnesses for defendant. A careful consideration of the testimony serves but to conform us in the opinion that the trial judge correctly discriminated between those witnesses who were credible and those who were not.

Upon the subject of the quantum of th edamages we agree with the trial judge that the evidence in support of plaintiff's claim for loss of business and time, is so uncertain that it is impossible to grant the relief asked.

From our appreciation of the evidence touching the question of personal injuries, and in view of the statement made by the lower judge in his written reasons, we incline to the opinion that the damages awarded, three hundred dollars ($300.00), was excessive.

The injury to the wagon was slight, the repairs costing $16.00. The injuries suffered by plaintiff are shown to have been severe bruises, from which he quickly recovered, the fee of the attending physician being less than ten dollars ($10.00). The expense for drugs is shown to have been small.

We are of the opinion that one hundred and fifty dollars ($150.00), will fully compensate the plaintiff for the damages suffered by him.

It is, therfeore, ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount thereof from three hundred dollars ($300.00) to one hundred and fifty dollars ($150.00), and as thus amended it is affirmed. The costs of the lower court to be taxed to defendant, and those of this appeal to plaintiff. Amended.

## ON REHEARING.

In the fixation of the quantum of damages in cases of personal injuries, the judgment of the lower court in this regard is entitled to great weight, and unless manifestly inadequate or manifestly excessive, it will not be disturbed.

MOORE, J. Having granted a rehearing herein on the question of the quantum of damages only, we have again considered the evidence on this point and have reached the conclusion that our previous estimate of the quantum of damages sustained by plaintiff was erroneous and that the amount allowed was entirely inadequate.

As stated by us in our former opinion, "the injuries suffered by plaintiff are shown to have been severe bruises," but we were in error in saying that from these "he quickly recovered."

The evidence is that the plaintiff was under medical treatment for three weeks, during which time he suffered extreme pains from the injuries to his side and shoulder caused by the wagon passing over his body. His uncontradicted testimony is that up to the date of his testifying below he still suffered

upon the change of weather, severe pains in the region of the chest and shoulders as the result of the accident complained of. The small charge made by the physician who attended the plaintiff is shown to have been based upon plaintiff's impecunious circumstances and not at all on the character or extent of the injuries sustained.

Our esteemed brother of the lower court who had the advantage of seeing the plaintiff and hearing him testify concluded that the damages sustained by plaintiff amounted to $300.00.

We have repeatedly held and now repeat it that in the fixation of the quantum of damages in personal injury cases the judgment of the lower court in this regard is entitled to great weight and that the amount will neither be increased or reduced unless it appears that the amount allowed is manifestly inadequate or manifestly excessive. In the instant case it is neither. We will, therefore, not increase the amount as prayed for by the appellee nor reduce the amount allowed by the trial judge as urged by the appellant.

The amount allowed below being fully sustained by the record our former decree will be set aside and the judgment affirmed.

It is, therefore, ordered, adjudged and decreed that our former opinion and decree is hereby recalled, set aside and amended and it is now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.